1  BLACK CHANG & HAMILL LLP
   Peter H. Chang (SBN 241467)
2  pchang@bchllp.com
   Andrew G. Hamill (SBN 251156)
3  ahamill@bchllp.com
   4 Embarcadero Center, Suite 1400
4  San Francisco, California 94111
   Telephone:     415-813-6210
5  Facsimile:     415-813-6222

6

7  *Attorneys for Defendant Callpod, Inc.*

8
                 **UNITED STATES DISTRICT COURT**
9
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10
                      **OAKLAND DIVISION**
11

12

13   GN RESOUND A/S, a corporation,          **Case No. 11-cv-04673-SBA**

14                    Plaintiff,              **DEFENDANT'S MOTION FOR RULE 11**
                                             **SANCTIONS AGAINST PLAINTIFF GN**
15         v.                                 **RESOUND A/S, ARNOLD & PORTER**
                                             **LLP, AND MONTY AGARWAL**
16   CALLPOD, INC., a corporation,
                                             Date: January 8, 2013
17                    Defendant.             Time: 1:00 p.m.
                                             Judge: Hon. Saundra B. Armstrong
18

19

20

21

22

23

24

25

26

27

28
                                i

1

**NOTICE OF MOTION**

2   PLEASE TAKE NOTICE that, on January 8, 2013, at 1:00 p.m. in Courtroom 1 of the above-

3   titled Court, or as soon thereafter as counsel may be heard on this matter, before the Honorable

4   Saundra Brown Armstrong, defendant Callpod, Inc. ("Callpod") will move for an Order imposing

5   Rule 11 sanctions against plaintiff GN Resound A/S's ("GN Resound") and its counsel, Arnold &

6   Porter LLP and Monty Agarwal, in this matter.

7   This Motion is made on the ground that GN Resound and its attorneys have filed a frivolous

8   lawsuit that has no basis in fact or law, did not conduct a reasonable pre-filing investigation, have

9   been given notice demanding the withdrawal thereof, and has refused to do so during the 21-day

10   statutory period.  GN Resound and its attorneys' failure thereof and the continued prosecution of this

11   frivolous lawsuit is a violation of Rule 11.

12   The motion will be based on this Notice of Motion, the supporting Memorandum of Points

13   and Authorities below, the supporting declaration filed concurrently herewith, all pleadings, exhibits

14   and papers on file in this action, and any other matters properly before the Court.

15

**MEMORANDUM OF POINTS AND AUTHORITIES**

16   **I.     INTRODUCTION**

17    GN Resound and its attorneys, Arnold & Porter LLP and Monty Agarwal, have violated Federal

18   Rules of Civil Procedure 11(b)(1) and 11(b)(3).  They filed infringement claims against Callpod without

19   having conducted the requisite pre-filing investigation, without factual support, and with the purposes of

20   harassing Callpod and to needlessly increase the cost of litigation for Callpod.  The clearest evidence is

21   that the accused products do not have the claimed directional microphone.  Rather, the accused products

22   use omnidirectional microphones—a type of microphone that was disclosed but not claimed by the '603

23   patent.  GN Resound and its attorneys would have known this had it conducted a reasonable pre-filing

24   inquiry.  For all accused products, a simple inspection would have revealed that they contain

25   omnidirectional microphones rather than directional microphones.

26   For the accused Dragon products, Arnold & Porter LLP and Monty Agarwal had possession of

27   technical materials before they filed the complaint that plainly identify the microphones in those

28

1

1   products as omnidirectional microphones.  Despite having easy access to materials that show that the

2   accused products do not infringe the asserted claims, GN Resound, Arnold & Porter LLP, and Monty

3   Agarwal relied only on the user manuals for the accused Dragon and Onyx products for its pre-filing

4   investigation and none for the accused Vetro product.  The user manuals do not suggest that the accused

5   products contain directional microphones.

6       Furthermore, the history of litigation between the parties, together with evidence showing that

7   GN Resound and its attorneys asserted infringement claims without a reasonable pre-filing inquiry and

8   without factual support, indicates that this action was filed for the improper purposes of harassing

9   Callpod and burdening Callpod with needless litigation costs.

10      For these reasons, Callpod requests that the Court issue sanctions against GN Resound, Arnold

11  & Porter LLP, and Monty Agarwal.  Callpod requests that the Court impose monetary sanctions of

12  attorney's fees and costs and direct payment of those fees and costs to Callpod for defending against this

13  frivolous lawsuit.

14  **II.      LEGAL STANDARD**

15      Federal Rule of Civil Procedure 11(b) states in relevant part that by presenting the Court with

16  a pleading, the signing attorney certifies that, to the best of the attorney's knowledge formed after a

17  reasonable inquiry:

18      • "it is not being presented for any improper purpose, such as to harass, cause
          unnecessary delay, or needlessly increase the cost of litigation (Rule 11(b)(1)); and
19

20      • "the factual contentions have evidentiary support, or if specifically so identified, will
          likely have evidentiary support after a reasonable opportunity for further investigation
21        or discovery."  (Rule 11(b)(3))

22      The "central purpose of Rule 11 is to deter baseless filings . . . and imposes a duty on

23  attorneys to certify that they have conducted a reasonable inquiry and have determined that any paper

24  filed with the court are well grounded in fact [and] legally tenable . . .." *Cooter & Gell v. Hartmax*

25  *Corp.*, 496 U.S. 384, 393 (1990).  "A patent suit can be an expensive proposition.  Defending against

26  baseless claims of infringement subjects the alleged infringer to undue costs—precisely the scenario

27

28
                                        2

1   Rule 11 contemplates." *View Engineering, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed.

2   Cir. 2000) (citing FED. R. CIV. P. 11) (applying Ninth Circuit law).

3           Under the plain language of Rule 11, the Court must first determine whether any provision of

4   Rule 11(b) has been violated.  *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994).  Application of

5   Rule 11 sanctions are justified where the claims at issue were neither well-founded nor the subject of

6   a reasonable inquiry.  *View Engineering*, 208 F.3d at 985.  The Ninth Circuit has interpreted Rule 11

7   to forbid the filing of papers that are "frivolous, legally unreasonable, or without factual foundation,

8   even though the paper was not filed in bad faith." *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831

9   (9th Cir. 1986).  Before filing claims, a law firm is required to, "at a bare minimum, apply the claims

10   of each and every patent that is being brought into the lawsuit to an accused device and conclude that

11   there is a reasonable basis for a finding of infringement of at least one claim of each patent so

12   asserted." *View Engineering*, 208 F.2d at 986.

13   **III.**     **FACTUAL AND PROCEDURAL BACKGROUND**

14        **A.**     **History of Multi-District Litigation Between the Parties**

15           The parties in this case, including affiliated companies, have had a long history of litigation.

16           Callpod is a technology company based in Chicago, Illinois.  (Guccione Decl., ¶ 2)  Callpod

17   designs a variety of products including mobile conferencing devices, multi-device charging adapters,

18   portable chargers and, for a short period of time, Bluetooth headsets—the products at issue in this case.

19   *Id*.  Callpod designed and created all of its products in-house and received many patents and awards for

20   its innovations.  *Id*.

21           Plaintiff GN Resound A/S ("GN Resound") is a supplier of hearing aids.  GN Resound is a sister

22   company of GN Netcom, Inc. ("GN Netcom").  GN Netcom is a supplier of Bluetooth headsets and

23   other wireless headset devices.  Both GN Netcom and GN Resound are wholly-owned subsidiaries of

24   GN Store Nord A/S ("GN Store Nord") (collectively, "the GN Companies").

25           In 2006, Callpod sued GN Netcom and GN Store Nord for alleged infringement of U.S. Patent

26   No. 6,801,611 in the U.S. District Court for the Northern District of Illinois.  *Callpod, Inc. v. GN*

27   *Netcom, Inc. et al,* No. 06-cv-04961 (N.D. Ill.) ("Illinois Action").  That case was appealed to the

28                         3

1   Federal Circuit and the parties settled in April 2011.  In the Illinois Action, GN Netcom was represented

2   by Arnold & Porter LLP and Monty Agarwal.

3           On July 20, 2011, Callpod sued GN Netcom for alleged infringement of Callpod's U.S. Patent

4   No. 7,707,250 in the U.S. District Court for the Eastern District of Texas.  *Callpod, Inc. v. T Technology,*

5   *Inc. et al,* No. 11-cv-00326 (E.D. Tex.) ("Texas Action").

6           Two months after Callpod filed the Texas Action against GN Netcom, GN Resound sued

7   Callpod in the instant action. GN Resound is represented by Arnold & Porter LLP and Monty Agarwal.

8           On December 13, 2011, GN Netcom sued Callpod in U.S. District Court for the Central District

9   of Colorado for alleged false patent marking.  *GN Netcom, Inc. v. Callpod, Inc. et al,* No. 11-cv-03271

10   (COD) ("Colorado Action").  In the Colorado Action, GN Netcom is represented by Arnold & Porter

11   LLP and Monty Agarwal.

12           B.      **GN Resound's Asserted Claims in this Action**

13            In this case, GN Resound accuses Callpod of infringing U.S. Patent No. 7,027,603 ("the '603

14   patent") by its Onyx, Vetro, and Dragon headsets.  One of the key limitations of all asserted claims of

15   the '603 patent is the requirement of  "directional microphone."[1]

16           None of the accused products have a directional microphone.  Rather, all of the accused products

17   have *omni*directional microphones.  (Guccione Decl., ¶ 3)  Omnidirectional microphones were disclosed

18   in the '603 patent specification but not claimed.  The specification expressly discloses a way to convert

19   an omnidirectional microphone into the claimed microphone through a series of steps, including (1)

20   removing the metal sound tube, (2) closing a sound port, (3) adding two new round entry ports in the

21   back and front sides of the microphone to create a pressure-gradient device, and (4) inserting two sound

22   tubes into the new entry ports.  '603 patent, at col. 6:62-7:25.

23           Prior to filing the Complaint, GN Resound's attorneys knew or should have known that the

24   accused Dragon headsets have omnidirectional microphones rather than the claimed directional

25   microphones.  During discovery in the Illinois Action, Callpod produced to GN Netcom, through Arnold

26   _____

27   [1] Claim construction is not necessary in considering this motion.  GN Resound does not propose any
    construction for any of the claim terms.

28

1 & Porter LLP and Monty Agarwal, technical documents, including bills of materials and datasheets, that

2 show the Dragon headset having omnidirectional microphones and no directional microphones.

3 (Guccione Decl., ¶ 3 & Exh. A.)  The accused Onyx and Vetro headsets also have omnidirectional

4 microphones rather than directional microphones.  (Guccione Decl., ¶ 3 & Exh. B.)  A physical

5 examination of the accused products would have revealed that none of the accused products have

6 directional microphones.

7 　　　GN Resound has provided no evidence that it had conducted any pre-filing investigation other

8 than reading the owner's manuals for the Dragon and Onyx headsets.  The manuals for those headsets do

9 not suggest that the headsets use directional microphones.  GN Resound has provided no evidence that it

10 had conducted any pre-filing investigation for the accused Vetro headset.

11 　　　Callpod served an interrogatory to GN Resound asking for the date and circumstance

12 surrounding GN Resound's pre-filing investigation for each of the accused products.  GN Resound has

13 refused to answer that interrogatory on the basis of privilege and attorney work-product.  (Chang Decl.,

14 Exh. A.)  Callpod also has a number of outstanding document requests that seek documents relating to

15 GN Resound's pre-filing investigation.  (Chang Decl., Exh. B.) GN Resound has produced no

16 documents other than two owner's manuals for the Dragon and Onyx headsets, which do not suggest the

17 use of directional microphones for those products.  GN has produced no documents relating to the Vetro

18 headset.

19 **IV.    ARGUMENT**

20 　　　Application of Rule 11 sanctions are justified where the claims at issue were neither well-

21 founded nor the subject of a reasonable inquiry.  *View Engineering*, 208 F.3d at 985.  Both

22 requirements are met in this case.  GN Resound's infringement claims are not well founded and the

23 factual contentions of infringement have no evidentiary support.  The accused products lack a

24 "directional microphone," a necessary limitation in all of the asserted claims.  A simple physical

25 inspection of the accused products would have revealed to GN Resound and its attorneys that none of

26 the accused products infringe the asserted claims.  And for one of the accused products – the Dragon

27 headset – GN Resound's attorneys had possession of technical documents showing that it does not

28

1  contain a directional microphone.  The litigation history between the parties further suggest that GN

2  Resound brought this lawsuit for the improper purpose of harassing and driving up Callpod's costs.

3      A.      **GN Resound And Its Attorneys Violated Rule 11(b)(3) Because Its Infringement Claims Are Not Well Founded and Evidence Shows That They Failed To Conduct A Reasonable Pre-filing Investigation.**

4

5          1.      **GN Resound's Asserted Claims of Infringement Are Not Well-Founded Because The Accused Products Do Not Have Directional Microphones.**

6

7          All asserted claims of the '603 patent require the existence of a "directional microphone" in the

8  accused products.  *See* '603 patent, claims 1, 8, and 14.  The accused products, however, do not contain

9  directional microphones.  Rather, the accused products contain *omni*directional microphones, a type of

10  microphone that was disclosed but not claimed by the '603 patent.  *See* '603 patent col. 6:65-7:25.

11          GN Resound and its attorneys are further barred by the disclosure-dedication rule to argue that

12  the omnidirectional microphones in the accused products are equivalent to the claimed directional

13  microphones.  The disclosure-dedication rule operates to preclude a claim for infringement under the

14  doctrine of equivalents:

15              [W]hen a patent drafter discloses but declines to claim subject matter, as in this case, this action dedicates that unclaimed subject matter to the public.  Application

16              of the doctrine of equivalents to recapture subject matter deliberately left unclaimed would conflict with the primacy of the claims in defining the scope of the

17              patentee's exclusive right.

18  *Johnson & Johnston Assocs. Inc. v. R.E. Servs. Co.,* 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en

19  banc) (citations omitted).  Application of the disclosure-dedication rule is a question of law.  *Toro Co. v.*

20  *White Consol. Indus., Inc.*, 383 F.3d 1326, 1331 (Fed. Cir. 2004).

21          In this case, GN Resound and its attorneys cannot recapture omnidirectional microphones

22  because that type of microphone was disclosed but not claimed.  The '603 patent specification expressly

23  disclosed a way to convert an omnidirectional microphone into the claimed microphone through a series

24  of steps: (1) removing metal sound tube, (2) closing a sound port, (3) adding two new round entry ports

25  in the back and front sides of the microphone to create a pressure-gradient device, and (4) inserting two

26  sound tubes into the new entry ports.  '603 patent, at col. 6:62-7:25.  Therefore, any claim for

27  infringement, including under the doctrine of equivalents, is barred as a matter of law.

28

6

**2.  GN Resound And Its Attorneys Did Not Conduct A Reasonable Inquiry Prior To Filing The Complaint.**

Prior to filing this lawsuit, GN Resound's attorneys possessed documents confirming that the accused products do not contain a directional microphone.  During discovery in the Illinois Action, in which Arnold & Porter LLP and Monty Agarwal were counsel of record, Callpod produced voluminous technical materials relating to the accused Dragon headset, including bills of materials and data sheets. The technical data in Arnold & Porter LLP's possession clearly identifies the microphones in the Dragon headsets as omnidirectional microphones.  (*See, e.g.,* Guccione Decl., at ¶ 4 & Exh. A).   Had GN Resound or its attorneys reviewed the documents in their possession, they would have known that the accused products contain omnidirectional microphones rather than directional microphones. Furthermore, even though GN Resound and its attorneys possess voluminous technical data on the Dragon headset, the only evidence that GN Resound relied upon for filing its complaint is the owner's manual to the Dragon headset, which does not suggest that the accused Dragon headset contains a directional microphone.[2]

Additionally, for all of the accused headsets, a simple physical inspection would have revealed to GN Resound and its attorneys that they contain omnidirectional microphones rather than the claimed directional microphones.  In this District, Rule 11 requires "reverse engineering or its equivalent"-type of analysis.  *Network Caching,* 2002 U.S. Dist. LEXIS 26098, at *16.  Falling far short of the minimum requirement of "reverse engineering or its equivalent," GN Resound and its attorneys did not conduct even a basic inspection of the accused products prior to filing the complaint.

In light of the above, it is clear that GN Resound and its attorneys either failed to perform even the most basic pre-filing investigation or knowingly brought an objectively baseless lawsuit.  Either of those actions warrants imposition of Rule 11 sanctions.

---

[2] In this District, the standard for Rule 11 pre-filing inquiry establishes the minimum level of detail that Patent L.R. 3-1 requires.  *Network Caching Tech., LLC v. Novell, Inc.,* No. 01-2079-VRW, 2002 U.S. Dist. LEXIS 26098, *11 (N.D. Cal. Aug. 13, 2002).  In this case, GN Resound's Patent L.R. 3-1 disclosures for the Dragon headset cites only to the owner's manual.  *See* D.I. 46-4 (Exhibit D to Callpod's Motion to Strike).

7

B.   **GN Resound And Its Attorneys Violated Rule 11(b)(1) Because The Instant Action Was Filed To Harass Callpod And To Needlessly Increase The Cost Of Litigation.**

GN Resound and its attorneys violated Rule 11(b)(1) because this action was filed for improper purposes—to harass Callpod and to needlessly increase the cost of litigation for Callpod. "A patent suit can be an expensive proposition.  Defending against baseless claims of infringement subjects the alleged infringer to undue costs—precisely the scenario Rule 11 contemplates." *View Engineering, Inc.,* 208 F.3d at 986.

There is a history of litigation between Callpod and the GN Companies.  Callpod first sued GN Netcom in 2006 in the Illinois Action.  Callpod then sued GN Netcom in July 2011 in the Texas Action.  Soon thereafter, in retaliation, the GN Companies filed the instant action and the pending Colorado Action.

As shown above, GN Resound and its attorneys filed the instant action without the reasonable pre-filing inquiry and without any evidentiary support for its allegations of infringement.  Together with the litigation history between the parties, these facts show that the instant action was filed not for legitimate purposes but to harass Callpod and to needlessly increase the cost of litigation for Callpod.

C.   **Callpod Has Complied With The Rule 11 Safe Harbor Requirements.**

Rule 11 provides that a sanctions motion must not be filed if the challenged paper is withdrawn or corrected within 21 days after service of the motion.  Here, counsel for Callpod served GN Resound and its attorneys on October 8, 2012 with this Motion and the accompanying declarations and exhibits. Chang Decl. at ¶ 4.  Callpod has already incurred substantial fees in defending against GN's frivolous claims and in preparing this motion.  Callpod will incur substantially more fees and costs should GN refuse to dismiss this case.

D.   **Monetary Sanctions Are Appropriate.**

Callpod requests that the Court impose monetary sanctions against GN Resound, Arnold & Porter LLP, and Monty Agarwal in the amount of attorneys' fees and costs Callpod has incurred to defend against this frivolous action.  If the Court determines that Rule 11(b) has been violated, the

8

1  Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule

2  or is responsible for the violation."  FED. R. CIV. P. 11(c)(1).  "If warranted, the court may award to

3  the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." FED.

4  R. CIV. P. 11(c)(2).  In this case, because Callpod has had to incur substantial attorneys' fees and

5  costs to defend against GN Resound's frivolous infringement claims, an award to Callpod of such

6  fees and costs are appropriate.

7  **V.      CONCLUSION**

8          GN Resound and its attorneys, Arnold & Porter LLP and Monty Agarwal, have violated Federal

9  Rules of Civil Procedure 11(b)(1) and 11(b)(3).  The infringement claims against Callpod have no

10  factual support.  The clearest evidence is that the accused products do not have the claimed directional

11  microphone.  Rather, the accused products use omnidirectional microphones—a type of microphone that

12  was disclosed but not claimed by the '603 patent.  GN Resound and its attorneys would have known this

13  had they conducted a reasonable pre-filing inquiry.  Furthermore, their assertion of infringement claims

14  without a reasonable pre-filing inquiry and without factual support, together with the history of litigation

15  between the parties, shows that this action was filed for the improper purposes of harassing Callpod and

16  to needlessly increase Callpod's cost of litigation.

17          For these reasons, Callpod requests that the Court issue sanctions against GN Resound, Arnold

18  & Porter LLP, and Monty Agarwal.  Callpod requests that the Court impose monetary sanctions of

19  attorneys' fees and costs and direct payment of those fees and costs to Callpod for defending against this

20  frivolous action.

21

22  Dated:  November 12, 2012              Respectfully submitted,
                                          BLACK CHANG & HAMILL LLP
23
                                          By:____/s/ Peter H. Chang_____
24                                              Peter H. Chang
25
26
27
28
                                            9

1

2                               **<u>CERTIFICATE OF CONFERENCE</u>**

3          On November 9, 2012, I conferred with counsel for GN Resound A/S, Monty Agarwal,

4  regarding Defendant's Motion for Sanctions.  Mr. Agarwal indicated that he was opposed to this

5  motion.

6

7

  Dated:  November 12, 2012                          _____*/s/ Peter H. Chang*_____
8                                                       Peter H. Chang

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                               10